[Cite as *State v. Haditsch*, 2026-Ohio-1809.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

| STATE OF OHIO | C.A. No. 2025CA0059-M |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CLINTON J. HADITSCH | MEDINA MUNICIPAL COURT COUNTY OF MEDINA, OHIO |
| Appellant | CASE No. 25 CRB 00338 |

DECISION AND JOURNAL ENTRY

Dated: May 18, 2026

SUTTON, Judge.

{¶1} Defendant-Appellant Clinton Jacob Haditsch appeals the judgment of the Medina Municipal Court. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} On May 5, 2025, at approximately 4:53 a.m., Brunswick Police Officer Jeffrey Valek encountered Mr. Haditsch with a disabled vehicle on Maxwell Drive. Mr. Haditsch indicated that he had run out of gas and was waiting for his wife to bring him gas. Officer Valek called for a tow truck. The tow truck arrived to transport Mr. Haditsch and the vehicle to a gas station, but Mr. Haditsch was unable to pay for gas or the tow, so the vehicle was impounded.

{¶3} Approximately four hours later the same day, a Rocklyn Drive resident called police reporting that there was a man on a neighbor's front porch. Rocklyn Drive was two intersections away from Maxwell Drive where Officer Valek had encountered Mr. Haditsch with

the disabled vehicle. The police went to the residence and made contact with Mr. Haditsch, who told them he was the owner of the home and was waiting for his wife to pick him up.

{¶4} Approximately four hours later, S.K., who is the actual owner of the home, came home from work on her lunch break and saw an unfamiliar person on her front porch. The man was sitting on her front porch, with his shoes off, and then he was "walking up and down the walkway right in front of" her house. S.K. called the police. Officer Valek responded, and after investigating the situation, charged Mr. Haditsch with criminal trespassing, in violation of R.C. 2911.21(A)(1), a misdemeanor of the fourth degree.

{¶5} The matter proceeded to a bench trial at which Mr. Haditsch represented himself. After the State rested, Mr. Haditsch offered no evidence in his defense. The trial court found Mr. Haditsch guilty and sentenced him to one day in jail, with credit for one day time served, and a $200.00 fine.

{¶6} Mr. Haditsch has appealed, raising one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR I**

**THE EVIDENCE WAS INSUFFICIENT TO SUPPORT THE BENCH TRIAL VERDICT OF GUILT.**

{¶7} Mr. Haditsch argues his conviction for criminal trespass was based on insufficient evidence. He specifically argues that he posed no threat to anybody and he would have left the property had he known it was the property of S.K.

{¶8} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 2009-Ohio-6955, ¶ 18 (9th Dist.), citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins*

at 390 (Cook, J. concurring). For purposes of a sufficiency analysis, this Court must view the evidence in the light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991). The evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶9} The statute prohibiting criminal trespass, R.C. 2911.21(A)(1), provides in relevant part: "[n]o person, without privilege to do so, shall . . .[k]nowingly enter or remain on the land or premises of another[.]" "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B).

{¶10} Here, S.K. testified that she did not know Mr. Haditsch, did not invite him onto her property, and did not give him permission to be on her property. S.K. testified that while he was on the property, Mr. Haditsch picked up all the sticks in her backyard and put them in a pile, moved a bucket from her backyard to a house across the street, and took flowers from her backyard and planted them in her front flowerbed. S.K. testified that she did not give Mr. Haditsch permission to pick up sticks, move the bucket, or plant flowers.

{¶11} In finding Mr. Haditsch guilty, the trial court stated that Mr. Haditsch's false representation to police that he owned the property showed he was aware that he "did not have any

privilege to be there because the property was owned by someone else." The trial court further stated, "[t]here was zero evidence that [Mr. Haditsch] had been granted any privilege to be there for any purpose whatsoever[,]" and that Mr. Haditsch "remained on the property for at least a period long enough to" gather sticks and replant plants. The trial court concluded that Mr. Haditsch acted knowingly, that he knew what he was doing, and knew he was on the premises of somebody else at the time.

{¶12} While Mr. Haditsch argued at trial and now on appeal that he posed no threat, as the State correctly points out, a "threat" is not an element of criminal trespass. Mr. Haditsch also argues his presence on S.K.'s property was a misunderstanding because he was supposed to meet someone who texted him the address, but Mr. Haditsch got the address wrong. However, this was not in evidence at trial. Mr. Haditsch only asserted this misunderstanding in his opening statement at trial.

{¶13} This Court has reviewed the record. Viewing the evidence in the light most favorable to the State, we determine that the evidence was sufficient to prove beyond a reasonable doubt that Mr. Haditsch, without privilege, knowingly entered and remained on S.K.'s property. Mr. Haditsch lied to police by saying he owned the property when he did not, and knowing he did not own the property, he remained on the property, removed his shoes, sat on the porch, and even picked up sticks and planted flowers.

{¶14} Mr. Haditsch's conviction for criminal trespass is supported by sufficient evidence. Accordingly, Mr. Haditsch's assignment of error is overruled.

III.

{¶15} For the forgoing reasons, Mr. Haditsch's assignment of error is overruled. The judgment of the Medina Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETTY SUTTON
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

WESLEY ALTON JOHNSON, Attorney at Law, for Appellant.

J. MATTHEW LANIER, Prosecuting Attorney, for Appellee.